UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BERTHA L. CUMMINGS,

          Plaintiff,

v.

EDDIE N. MOORE, JR., JANET DUGGER, RANDY SYKES, TROY COVINGTON, MELVIN C. JONES, AND MICHAEL C. WALLACE,

          Defendants.

Action No. 3:08–CV–579

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss (Docket No. 7), filed November 12, 2008. For the reasons that follow, the Court will GRANT Defendants' Motion and DISMISS the Complaint WITH PREJUDICE.

### I. BACKGROUND

Plaintiff has an extended history with Virginia State University ("VSU"). She pursued undergraduate and graduate studies at VSU. During her undergraduate time at VSU, Plaintiff played basketball for the university culminating with a Central Intercollegiate Athletic Association ("CIAA") Championship in 1980. Following her time on the VSU basketball team, Plaintiff played professional basketball with the Nebraska Wranglers of the now-defunct Women's Basketball League and coached women's basketball at the University of the District of Columbia. In the late eighties, Plaintiff returned to VSU as an assistant coach for women's

1

basketball. She served as an assistant coach until she was promoted to head coach for women's basketball in 1990, when she led the VSU team to another CIAA championship. She served as head coach for women's basketball until June 1997 when VSU chose not to renew her contract. After being fired from that position, Plaintiff filed, on or about August 7, 1997, a complaint against VSU with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual discrimination. Apparently, the parties involved resolved this dispute through mediation.

Plaintiff's interaction with VSU, however, did not end with the mediation. After a four-month investigation by VSU police into complaints of harassment brought against Plaintiff by a VSU professor, VSU police officer Melvin C. Jones ("Jones") informed Plaintiff in a letter dated February 7, 2002 (the "Ban Letter") that she had been banned from the university's campus.[1] The Ban Letter required Plaintiff to make prior arrangements with VSU police for an escort if she had "legitimate business" that required her to come to VSU's campus. (Compl. Ex. A.)

According to a VSU police report Plaintiff attached to the Complaint, Plaintiff appeared in Chesterfield General District Court for proceedings flowing from an incident that occurred in November 2001. Apparently, the judge in that case believed sufficient evidence existed to

---

[1] According to the Ban Letter, Dr. P.W. Johnson, professor in VSU's Department of Health and Physical Education, complained of harassment by Plaintiff—including telephone calls to Johnson's home and office as well as disruption of a class session. (See Compl. Ex. A.) Therefore, the Ban Letter stated, "In an effort to deter such behavior on campus, you are hereby notified that until further notice, you, Bertha L. Cummings, are PROHIBITED FROM THE CAMPUS of [VSU]." (Id. (emphasis in original).)

convict Plaintiff,[2] but stated he would dismiss the charge against Plaintiff if she made no more "contact"—presumably with VSU officials or the campus. (See Compl. Ex. D.)  However, on June 13, 2002, Jones and VSU police officer Janet Dugger ("Dugger") observed Plaintiff on campus in violation of the Ban Letter, arrested her, and transported her to the Chesterfield County jail, where she was held on $5,000 secured bond.[3]

Following this arrest, Plaintiff claims that either Jones or VSU police chief Michael C. Wallace ("Wallace") called her house and "ask[ed her] personal questions about [her] personal life" causing her to "hang up on him." (Compl. ¶ 2.)  Moreover, for a period extending from September 10, 2000 to October 31, 2007, Plaintiff states these individual officers harassed her "through falsely accusing [her] of traffic violations and trespassing on the campus." (Id. ¶ 3.)  Specifically, she claims VSU police officer Troy Covington ("Covington") "chas[ed] and stopp[ed]" her on campus when she came to speak with VSU President, Eddie N. Moore ("Moore"). (Id.)  Additionally, she claims VSU police officer Randy Sykes ("Sykes") came to her home, accused her of harassing people, and searched her person.  Finally, she claims that Wallace "continues to assassinate [her] character by making false comments and not telling the

---

[2]Neither the charge nor the incident are clear from the document. (See id. Ex. D.)

[3]According to Plaintiff, she came to VSU's grounds to conduct a summer basketball camp. Plaintiff submitted a flier supporting this allegation, but the flier refers to a basketball camp held in 2000 and, therefore, lends no support to her contention. (See Compl. Ex. B.)

true [sic]."[4] (Id.) The Court should note that Plaintiff provides no dates as to when any of these specific events occurred.

Based on the preceding allegations, Plaintiff asserts Defendants[5] retaliated against her for filing an EEOC complaint in violation of Title VII of the Civil Rights Act of 1964, committed defamation, and harassed her.[6]

## II. LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of a complaint. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). In contemplating a 12(b)(6) motion, the Court must "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable

---

[4] Plaintiff supports her allegation about Wallace with a letter dated October 31, 2007 written from Wallace to Judge Daffron of the Chesterfield General District Court (the "Wallace Letter"). The Wallace Letter stated that, based on Plaintiff's behavior and concern for the safety of the VSU community, VSU had not lifted its ban and that VSU had informed Plaintiff the university did not plan to ask the Virginia state court to reverse a July 17, 2002 order that had also banned Plaintiff from VSU's campus. (Compl. Ex. E.)

[5] Summonses for Moore, Dugger, and Wallace were returned executed October 28, 2008. However, Summonses for Jones, Sykes, and Covington were returned unexecuted.

[6] The Court notes that Plaintiff has filed several cases based on the same underlying facts, including Cummings v. Brown, No. 1:06CV62, 2006 LEXIS 96153 (E.D. Tenn. Oct. 11, 2006) (construing suit against EEOC director as writ of mandamus, denying petition for lack of jurisdiction, and dismissing matter with prejudice); Cummings v. Brown, No. 3:06CV746 (E.D. Va. Dec. 7, 2006) (dismissing race discrimination complaint against EEOC director); and Cummings v. E.E.O.C., No. 2:06CV705, 2007 WL 1448714 (E.D. Va. May 10, 2007) (dismissing complaint against EEOC with prejudice and advising Plaintiff of danger of offending Rule 11(b) if she filed any further claims based on EEOC's denial of her January 9, 2006 claim). Those cases differ from the instant matter because in this case Plaintiff's has sued VSU employees, not the EEOC or any of its officers.

conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). Moreover, the Court need not "accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). In sum, the Complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. 1965.[7]

Specifically applicable in this case, "[i]t is settled law that the allegations of [a pro se] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers. . . .'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Thus, "[a] document filed pro se is 'to be liberally construed . . . .'" Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2201 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-105 (1976)). Despite any liberal construction of pro se pleadings, "courts are not required to 'conjure up questions never squarely presented to them.'" Adkins v. Mathews, Nichols & Assocs., LLC, 2008 WL 565101, at *2 (W.D. Va. Feb. 29, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985)).

---

[7] Defendants also state that this action should be dismissed on 12(b)(1) grounds. However, the Court does not find it necessary to discuss the Motion on 12(b)(1) grounds since 12(b)(6) provides sufficient grounds for dismissal and Defendants did not pursue the 12(b)(1) argument in any significant way in its papers.

### III. DISCUSSION

#### A. Title VII Claims

Plaintiff's allegations of retaliation and sexual harassment relying on Title VII are insufficient. As this Court has stated previously, "The EEOC denied [Plaintiff's] charge on February 10, 2006 because it was not filed within 300 days of the end of the alleged retaliation. The 300-day statute of limitations is mandatory." Cummings v. E.E.O.C., 2007 WL 1448714, at *1; see 42 U.S.C. § 2000e-5(e)(1) (2006). Thus, having failed to satisfy the statutory time requirement, the claim fails.[8]

#### B. Defamation Claim

Plaintiff's defamation claim fails as well. Whether or not barred by sovereign immunity,[9] the Complaint does not satisfy Twombly's requirements. To state a claim for

---

[8] There are several other grounds for dismissing the Title VII claims. For example, as Defendants point out, individual employees—even supervisors—cannot be held liable as individuals under Title VII. See, e.g., Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Thus, Defendants are not proper parties for suit under a Title VII theory.

[9] Defendants argue the claim should fail based on sovereign immunity of the Commonwealth of Virginia—which has waived immunity for some torts only if a complainant follows the statutory procedures delineated in the Virginia Tort Claims Act ("VTCA"), Va. Code Ann. § 8.01-195.1–8.01-195.12 (2008). See Melanson v. Commonwealth, 539 S.E.2d 433, 434 (Va. 2001) (discussing Va. Code Ann. § 8.01-195.6). Section 8.01-195.6 bars all claims under the VTCA unless the complainant presents a written statement of the nature of the claim with either the Director of the Division of Risk Management or the Attorney General within one year after such cause of action has accrued. Plaintiff failed to follow these procedures. However, it is not clear that the provision applies in the instant matter because Plaintiff has not sued VSU or relied on a theory of respondeat superior. Defendants offer no authority that demonstrates sovereign immunity automatically shields an employee of a state agency from liability. In fact, Virginia cases cut the other way. See, e.g. Elder v. Holland, 155 S.E.2d 369, 372-73 (Va. 1967) (holding state employee may be held liable for negligent or intentional tort, even if tort committed while acting in employment capacity).

defamation under Virginia law, Plaintiff must allege enough facts to raise beyond a speculative level: "(1) publication of (2) an actionable statement with (3) the requisite intent." Jordan v. Kollman, 612 S.E.2d 203, 206 (Va. 2005). Defendant has not done so. First, Plaintiff states, "MICHAEL C. WALLACE, Chief of Police at the University continues to ASSASSINATE my CHARACTER by making false comments and not telling the true [sic]" (Compl. ¶ 3 (emphasis in original).) To support this paragraph of the Complaint, Plaintiff points the Court's attention to the Wallace Letter. However, the statements in that document are not "actionable statements." To be "actionable," a statement must be a false statement of fact. Jordan, 612 S.E.2d at 206-07 ("[S]peech which does not contain a provably false factual connotation . . . cannot form the basis of a common law defamation action."). The Wallace Letter does nothing more than convey to a state judge that VSU had not lifted its ban and did not intend to ask the court to reverse its October 2002 Order that apparently proscribed Plaintiff's entry onto VSU's campus. None of the statements in the Wallace Letter qualify as a false statement of fact as required. As such, the statements in the Wallace Letter, although Plaintiff concludes they were defamatory, do not support a claim for defamation under Virginia law.

Later Plaintiff alleges, "The defendants told untruths about the plaintiff, there by [sic] causing the plaintiff to suffer harm." (Id. ¶ 9.) This bare allegation fails to satisfy Twombly's requirements that the claim be plausible on its face and supported by sufficient factual allegations to make a "showing" under Rule 8(a)(2). 127 S. Ct. at 1965. This singular

statement provides scant, if any, support for the elements of defamation.[10] Simply put, the allegation provides nothing more than a "blanket assertion[] of entitlement to relief" that fails to "nudge[] the[] claim across the line from conceivable to plausible" and, so, the "complaint must be dismissed." Twombly, 127 S. Ct. at 1965 n.3, 1974.

### C. Harassment Claim

Aside from Title VII, Plaintiff provides, and this Court finds, no authority supporting the stand-alone harassment claim. As such, the claim fails.

### IV. Conclusion

For the foregoing reasons, the Court will GRANT Defendants' Motion and DISMISS the Complaint WITH PREJUDICE. An appropriate Order shall issue forthwith.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

```
                                    /s/
                          _____
                          James R. Spencer
                          Chief United States District Judge
```

ENTERED this __26th__ day of January 2009

---

[10] Further, if Plaintiff bases this claim on any event that occurred before September 5, 2007—a year prior to the date she filed for leave to proceed in forma pauperis in this matter—the claim is time-barred. See Va. Code Ann. § 8.01-247.1 (2008) (establishing one year statute of limitations for defamation actions). Based on the current pleadings, the Court can only speculate, impermissibly, as to what statements form the basis of a defamation claim or when the untruths complained of were made.

8